United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-11064

_____

DAVID BARRIE, On behalf of themselves and all others
similarly situated; JILL C. RICHLING, On behalf of themselves
and all others similarly situated; CARY ALAN LUSKIN, On
behalf of themselves and all others similarly situated;
DEBBIE LUSKIN, On behalf of themselves and all others
similarly situated.,

Plaintiffs - Appellants,

versus

INTERVOICE-BRITE, INC., DANIEL D. HAMMOND; ROB ROY J. GRAHAM;
DAVIS W. BRANDENBURG; GORDON H. GIVENS; MICHAEL J. POLCYN; DAVID A.
BERGER; DWAIN H. HAMMOND; HAROLD D. BROWN; M. GREGORY SMITH,

Defendants - Appellees,

DOMINICK CAPUANO, On behalf of himself and all others similarly situated,

Plaintiff-

Appellant,

versus

INTERVOICE-BRITE, INC., DANIEL D. HAMMOND; ROB ROY J. GRAHAM;
DAVIS W. BRANDENBURG; GORDON H. GIVENS; MICHAEL J. POLCYN; DAVID A.
BERGER; DWAIN H. HAMMOND; HAROLD D. BROWN; M. GREGORY SMITH,

Defendants - Appellees,

HENRY CASHMAN, On behalf of himself and all others similarly situated,

Plaintiff-

Appellant,

1

versus

INTERVOICE-BRITE, INC., DANIEL D. HAMMOND; ROB ROY J. GRAHAM;
DAVIS W. BRANDENBURG; GORDON H. GIVENS; MICHAEL J. POLCYN; DAVID A.
BERGER; DWAIN H. HAMMOND; HAROLD D. BROWN; M. GREGORY SMITH,

Defendants - Appellees,

RICHARD KEARNS, On behalf of himself and all others similarly situated,

Plaintiff-
Appellant,

versus

INTERVOICE-BRITE, INC., DANIEL D. HAMMOND; ROB ROY J. GRAHAM;
DAVIS W. BRANDENBURG; GORDON H. GIVENS; MICHAEL J. POLCYN; DAVID A.
BERGER; DWAIN H. HAMMOND; HAROLD D. BROWN; M. GREGORY SMITH,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas

_____

ORDER ON REHEARING
(Opinion 1/12/05, 5th Cir., 397 F.3d 249)

Before BENAVIDES, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

    A.  The panel's opinion issued on January 12, 2005 inadvertently made conflicting rulings

regarding the allegations contained in paragraphs 38, 59, and 68 of the plaintiffs' complaint. Having

duly considered the petition for rehearing, response, and reply, and the appellees' letter submitted

pursuant to FED. R. APP. P. 28(j) and the appellants' response thereto, we clarify our ruling by hereby

2

modifying the opinion in the following respects as set out in (1) and (2) below, viz:

(1) The final paragraph of Section III.A.(2)a, which begins with the phrase "Six of the statements" is hereby deleted from the opinion and replaced by the following:

> Three of the statements fail to adequately identify the speaker. Complaint at ¶¶ 29, 44, and 56. Paragraphs 44 and 56 are press releases and contain no specific allegation as to who made the statement. *Id*. at ¶¶ 44, 56. In *Southland*, this Court affirmed the proposition that

> > the PSLRA requires the plaintiffs to "distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud." As such, corporate officers may not be held responsible for unattributed corporate statements solely on the basis of their titles, even if their general level of day-to-day involvement in the corporation's affairs is pleaded.

> 365 F.3d at 365 (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, No. 4:00-CV-355-Y, 2002 U.S. Dist. LEXIS 26659, at *20-21 (N.D. Tex. April 2, 2002)). Although this Court stated that "corporate documents that have no stated author or statements within documents not attributed to any individual may be charged to one or more corporate officers provided specific factual allegations link the individual to the statement at issue," *id*., there are no such factual allegations here linking the individual defendants to the statements in the press releases. Consequently, these allegations were properly dismissed. Paragraph 29 attributes false and misleading statements to "management." Complaint at ¶ 29. Again, this fails pursuant to *Southland*'s rejection of the group pleading doctrine.

> Paragraphs 38, 59, and 68 attribute statements to "Hammond and Graham." *Id*. at ¶¶ 38, 59, and 68. The district court held that "the allegation that 'Hammond

3

and Graham' made a statement does not identify the speaker; it merely narrows the range of possible speakers down to two people." The plaintiffs argue, however, that defendants who silently listened as others made statements that they knew were false are liable for their omission in failing to correct a falsehood. They claim that whether a particular statement during a conference call or a road show was uttered by Hammond or Graham, both are liable: one for the utterance, and the other for the omission in failing to correct the falsehood.

> As one district court held:
>
> a high ranking company official cannot sit quietly at a conference with analysts, knowing that another official is making false statements and hope to escape liability for those statements. If nothing else, the former official is at fault for a material omission in failing to correct such statements in that context.

*In re SmarTalk Teleservices, Inc. Sec. Litig.*, 124 F. Supp. 2d 527, 543 (D. Ohio 2000).

The defendants argue that this reasoning is inapplicable in this case, because the Complaint did not specify whether Hammond spoke and Graham failed to correct, or vice versa. They assert that the allegations concerning Hammond and Graham are deficient given this Court's rejection of the group pleading doctrine in *Southland*.

We reject the defendants' argument. Where it is pled that one defendant knowingly uttered a false statement and the other defendant knowingly failed to correct it, even if it is not alleged which defendant made the statement and which defendant did not correct it, the fraud is sufficiently pleaded as to each defendant. This is not inconsistent with the plain language of subsection (1) of 15 U.S.C. §

4

78u-4(b), and accords with common sense and the policy considerations underlying the heightened pleading requirements. The *Southland* Court explained: "'In securities fraud suits, this heightened pleading standard provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims and then attempting to discover unknown wrongs.'" 365 F.3d at 363 (quoting *Tuchman v. DSC Communications*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The Complaint's allegations that false statements were made by Hammond and Graham imply that one of them made the statement and the other knowingly failed to correct it. Accordingly, both Hammond and Graham are on fair notice of the claims against them. The district court erred in dismissing the claims attributed to Hammond and Graham when the allegations sufficiently indicated that one had spoken the fraudulent statement, and the other had failed to correct it.

By the same reasoning, Smith is properly liable for his alleged omission to correct Hammond and Graham's alleged misrepresentation in the conference call described in paragraph 38 of the Complaint. Although the Complaint does not specify whether it was Hammond or Graham who uttered the alleged falsehood, it does contend with sufficient particularity that Smith failed to correct it. Smith is also properly liable for his alleged omission to correct Hammond's alleged misrepresentation in the conference call described in paragraph 58 of the Complaint.

(2) The final five paragraphs of section Section III.A.(2)b, which begin with the sentence "The plaintiffs also argue that defendants who silently listened as others made statements that they knew

5

were false are liable for their omission in failing to correct a falsehood," are deleted from the opinion.

     B.  Except as above provided, the panel opinion issued herein January 12, 2005 is unchanged.

     C.  The Petition for Rehearing is DENIED.